UNITED STATES *v.* GUNNING and another.

*(Circuit Court, S. D. New York.* December 26, 1884.)

1. PATENTS FOR INVENTIONS—SETTING ASIDE PATENT FRAUDULENTLY OBTAINED —EVIDENCE.
     Upon examination of the evidence taken and filed by the United States, *held*, that the denials of the answer, unsupported by evidence on the part of the defendants, are overcome, and that a decree vacating and setting aside the patent thereunder be granted

2. SAME—COSTS.
     It appearing that defendant Ingersoll has not participated in the fraud, and is a *bona fide* purchaser of an interest in the patent decreed fraudulent and set aside, costs will not be decreed against her.

In Equity.

*G. E. P. Howard* and *Louis C. Raegener*, Asst. U. S. Attys., for orator.

*A. J. Todd*, for defendant Ingersoll.

WHEELER, J. The question whether this bill to set aside the patent granted to the defendant Gunning as inventor, and the defendant Ingersoll as assignee of one-half of his interest in the invention, for fraud in procuring it to be granted, can be maintained by the United States as a party to the grant, imposed upon by the fraud, has been settled in this case, except upon appeal, by the decision of Judge WALLACE overruling the demurrer. *U. S.* v. *Gunning*, 18 FED. REP. 511. The only question now is whether the material allegations of the bill then adjudged to be sufficient have been proved by sufficient evidence. The fraud is alleged to consist in setting up in the application that Gunning was an original and first inventor, when he was not, and knew he was not; and that the invention had not been in public use or on sale for two years prior to the application, when it had been, and he knew it had been. These allegations are denied by the answer. The orator has taken and filed testimony,—the defendants have not,—so it has been used. The answer being responsive, is to be overcome as evidence, and the allegations are to be made out. In analogy to the requirements of evidence for defeating patents, and for

setting aside or reforming solemn written instruments generally, it would seem that the substance of the allegations should be established by full proof, adequate to the removal of all fair doubt. On the evidence, however, it seems to be quite clear that Gunning was not an original inventor at all of the invention. It appears to have been shown to him by others, some time before his application, and that he did not then claim to have known of it before. This might be so, and he have invented it before that; but he has not shown by others, nor testified himself, that he had, and the circumstances strongly tend to the conclusion that he had not. That he knew he had not, and that he was not the first nor an original inventor, even, follows of course. This conclusion is too strong to be resisted, and this point seems to be made out beyond any fair doubt. And this makes it unnecessary to determine whether it was in public use or on sale for two years before the application, and so known by him to have been for that length of time as to make that representation sufficiently fraudulent to vitiate the grant of the patent; for the being the first inventor is the principal thing in obtaining a patent, and fraud as to that would be as material as any, and proving that sustains the allegation of fraud in the bill, as well as more would. The defendant Ingersoll is not shown to have participated in the fraud; neither is she shown to have undertaken to justify or enforce the patent as valid. There are some statements of Gunning as to her course and connection with it tending to show that she did, but they are mere narratives of past transactions, not a part of anything then going on, and not competent evidence to affect her. She may be, and for aught that appears is, a *bona fide* purchaser for value, without notice of any fault or defect; but, if she is, there is nothing about a patent, or the grant of a patent, to furnish ground for a superior right in the hands of such a purchaser, as against the United States. It is valid or void in that aspect, as it is or is not upheld by the law, and all have legal notice of that. But her position may have some proper bearing upon the question of costs, which are subjects of discretion in a court of equity. There is no good reason why she should be chargeable with any in this case as it stands.

Let there be a decree for the orator setting aside the patent according to the prayer of the bill, with costs against the defendant Gunning, and without costs against the defendant Ingersoll.